# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**APRIL GRIFFIN,**
**STEVEN JOHNSON,**
**PETER GRIFFIN,**
**KENNETH GRADY,**
**I. GRIFFIN also known as**
**ISIS ARIEL MAGDALAH,**
**HAROLD ROBINSON,**
**GABRIEL GRIFFIN,**
**JOHN DOE (Numbers a through z),**
**and JANE DOE (Numbers a through z),**

**Plaintiffs and**
**Putative Class Representatives,**

**v.**                                    Case No. 10-C-243

**CITY OF MILWAUKEE,**
**MILWAUKEE COUNTY CIRCUIT COURT,**
**MILWAUKEE COUNTY DISTRICT ATTORNEY OFFICE,**
**WISCONSIN FORENSIC UNIT,**
**WINNEBAGO MENTAL HEALTH COMPLEX,**
**ATTORNEY AARON WHITE,**
**ATTORNEY DEANN HEARD,**
**ATTORNEY TIABYYAH SETHI,**
**JUDGE THOMAS DONEGAN,**
**JUDGE MICHAEL GUOLEE,**
**MILWAUKEE MUNICIPAL COURT,**
**JUDGE JANE OR JOHN DOES,**
**SHERIFF DAVID CLARKE, JR.,**
**SHERIFF DEPUTIES JOHN or JANE DOES,**
**DR. JOHN PANKIEWICZ,**
**and/or JANES DOES unknown now**
**but revealed upon discovery,**

**Defendants.**

# DECISION AND ORDER

This putative class action for declaratory judgment, injunctive relief, and monetary relief, including treble damages, was filed by the pro se Plaintiffs, April Griffin ("A. Griffin"), Steven Johnson ("Johnson"), Peter Griffin ("P. Griffin"), Kenneth Grady ("Grady"), I. Griffin also known as Isis Ariel Magdalah ("I. Griffin"), Harold Robinson ("Robinson"), and Gabriel Griffin ("G. Griffin") (collectively the "Plaintiffs") against the 13 named Defendants and unknown judges, sheriffs deputies, and other persons. The Complaint states that it is a "V 18 U.S.C. [§] 1964(c) Complaint Forms (RICO)," and that the Plaintiffs are acting as private attorneys general under the Clayton Act. In addition to relying upon the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, the Complaint cites federal statutes including 18 U.S.C. § 371 (conspiracy to commit offense or to defraud the United States); 18 U.S.C. § 1503 (influencing or injuring officer or juror generally); 18 U.S.C. § 1513 (relating to retaliating against a witness or victim); 15 U.S.C. §§15[1], 26[2]-27 (provisions of the Clayton Act); 42 U.S.C. § 2000d-7;[3] and 42 U.S.C. §§ 1983,

---

[1]Section 15(a) of Title 15 of the United States Code provides, in pertinent part, that:

[A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

[2]Section 26 of Title 15 of the United States Code provides for injunctive relief, with limitations not relevant to this action, as follows:

Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws, including sections 13, 14, 18, and 19 of this title, when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings, and upon the execution of proper bond against damages for an injunction improvidently granted and a showing that the danger of irreparable loss or damage is immediate, a preliminary injunction may issue.

(continued...)

1985, and 1988;[4] as well as the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

The Complaint also alleges that, in a pattern of racketeering, the Defendants have implemented unlawful actions against the Plaintiffs by the use of mail, wire and phone fraud.[5] The Complaint includes ten counts, each of which is introduced with the statement that the Defendants through a pattern of racketeering have engaged in the following conduct: denial of access to the courts (Count I); 42 U.S.C. § 1981 violation (Count II); cruel and unusual punishment (Count III); judgment in absence of jurisdiction (against the judges) (Count IV); fabrication of evidence (Count V); fraud on the court by the court (Count VI);

---

[2](...continued)

Section 26a and 26b of Title 15 of the United States Code relate to restrictions on the purchase of gasohol and synthetic motor fuel and the application of antitrust laws to professional major league baseball, respectively. Neither statutory provision has any bearing on this lawsuit. Section 27 of Title 15 of the United States Code relates to the "Effect of Partial Invalidity," and does not appear to provide a basis for a cause of action.

[3]Section 42 U.S.C. § 2000d-7 states:

(1) A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794], title IX of the Education Amendments of 1972 [20 U.S.C.A. § 1681 *et seq.*], the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 *et seq.*], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d *et seq.*], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

(2) In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

The Plaintiffs do not allege any claims under any of the federal statutes for which § 2000d-7 abrogates the Eleventh Amendment immunity of states.

[4]Section 1988 of Title 42 of the United States Code provides for a discretionary award of attorney's fees to the prevailing party in an action to enforce a provision of various civil rights statutes, including 42 U.S.C. §§ 1981, 1983, and 1985.

[5]The federal criminal statutes pertaining to such conduct, 18 U.S.C. § 1341 (mail fraud) and § 1343 (wire fraud), are not cited by the Complaint.

false arrest and illegal imprisonment (Count VII); retaliatory prosecutions (against the Milwaukee County District Attorneys Office) (Count VIII); abuse of pro se litigants through threat, coercion, or intimation (Count IX); and mail, phone, and wire fraud (Count X).

Various motions are pending in this action. Defendants Thomas Donegan ("Donegan"), Michael Guolee ("Guolee), DeAnn Heard ("Heard'), Milwaukee County Circuit Court, Aaron White ("White"), and the Winnebago Mental Health Complex (collectively the "State Defendants") filed a motion to dismiss, as has Defendant David A. Clarke ("Clarke").

The State Defendants, including Milwaukee County Judge Elsa Lamelas ("Lamelas"), and the City of Milwaukee filed motions to dismiss the amended complaint.[6] However, no amended complaint has been filed with the Court.

Also pending are the motions of the Plaintiffs objecting to David Rice's ("Rice") brief, his appearance for the State Defendants and moving for Rice's and the Wisconsin Attorney General's disqualification; objecting to Robert E. Andrew's ("Andrew") brief, his appearance for Clarke, and moving for Andrew's disqualification; objecting to Rice's second brief, second appearance and moving for disqualification of Rice and the Wisconsin Attorney General in this action; and objecting to Grant Langley ("Langley") and Mary Regan's ("Regan") brief and their appearance for the City.

---

[6]The State also indicates that the amended Complaint identifies Jane Doe Judge as Lamelas. (Br. of State Defs.' Dismiss Am. Compl. 2 n.3).

**Motions for Disqualification**

The Plaintiffs move for disqualification of counsel for the State Defendants, counsel for Clarke, and counsel for the City. The Plaintiffs also state that all of the Defendants are sued in their individual capacities only. (*See* Pls.' Notice to the Court filed Apr. 10, 2010, at 1; Pls.' Notice to the Court filed Aug. 31, 2010, at 3.)

The Plaintiffs assert that the attorneys do not have standing to represent their clients. This contention is contrary to General Local Rule 83(b) of the Eastern District of Wisconsin which provides that unless appearing before the Court pro se "all parties must appear by an attorney admitted to practice in this Court." The Plaintiffs have not established a basis for disqualification of counsel for the State Defendants, counsel for Clarke, or counsel for the City. The motions for disqualification are denied.

**Motions to Dismiss and Failure to State a Claim**

The State Defendants move the Court for an order dismissing the action against them for lack of personal jurisdiction, insufficient service of process, Eleventh Amendment immunity, judicial immunity, prosecutorial immunity, failure to state a claim upon which relief may be granted, claim preclusion, the *Rooker-Feldman* doctrine, and abstention.

Clarke moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against him. Clarke also argues that the Complaint does not meet the requirements of Federal Rules of Civil Procedure 8(a) and 10(b), and fails to state a RICO claim against him. The City also filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Not all Defendants have appeared in this action.[7] However, a district court may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

The State Defendants raise the *Rooker-Feldman* doctrine as a basis for dismissal of the Plaintiffs' claims. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to entertain suits brought by state-court losers to undo state-court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *D.C. Crt. Of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The State Defendants contend that to the extent that the Plaintiffs are attacking a prior state judgment, the action is barred by the *Rooker-Feldman* doctrine. (State Defs. Br. 11; State Defs. Br Supp. Mot. Dismiss Am. Compl. 12-13). While the State Defendants do not provide any information about any state court judgments against any of the Plaintiffs, they are correct; and all such claims are subject to dismissal for lack of subject matter jurisdiction.

However, it does not appear that all the Plaintiffs' claims attack prior state court judgments. The Rooker-Feldman doctrine "is a narrow doctrine, 'confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (quoting *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005)). The doctrine will not prevent a losing litigant from

---

[7]The Milwaukee County District Attorneys Office, the Wisconsin Forensic Unit, Attorney Tiabyyah Sethi, the Milwaukee Municipal Court, and Dr. John Pankiewicz have not appeared in this action.

presenting an independent claim to a district court. *Kelley*, 548 F.3d at 603 (citing *Exxon Mobil*, 544 U.S. at 293).

As indicated by the State Defendants, who raise the affirmative defense of claim preclusion as a basis for dismissal of this action as to some of the Plaintiffs, this action has been preceded by two other civil actions raising similar allegations. The doctrine of claim preclusion bars relitigation of claims that were, or could have been, decided on the merits in a prior lawsuit between the same parties. *See Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 809 (7th Cir. 2009); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). The presence of other claims in this action against those defendants would not matter because all claims arising from the same operative facts are barred. *Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006).

In 2006, G. Griffin, P. Griffin, A. Griffin, I. Griffin and several other plaintiffs filed a civil rights action, against the State of Wisconsin, the Milwaukee County Circuit Court, and numerous other persons and entities. *Gabriel Griffin v. State of Wisconsin*, No. 06-C-203 (E.D. Wis.). On February 14, 2007, this Court issued a Decision and Order, dismissing the action because the plaintiffs failed to establish that they had properly served the defendants within the time frame prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. Final judgment was entered on February 15, 2007. The dismissal was upheld by the Court of Appeals. *See Gabriel Griffin v. State of Wisconsin*, No. 07-1653, 2007 WL 2913892 (7th Cir. Oct. 5, 2007). However, the court determined that the State of Wisconsin, the governor, the former attorney general, the Milwaukee County Circuit Court, the assistant district attorneys,

the judges, and the court commissioner had all waived their objections by failing to include insufficiency of service of process as one of the grounds in their pre-answer motions to dismiss. Nonetheless, the appellate court sustained the dismissal of those defendants on the following grounds: the State of Wisconsin and the Milwaukee County Circuit Court because a state is not a "person" that can be sued under 42 U.S.C. § 1983; the dismissal of the governor and the former attorney general of Wisconsin because those defendants had no personal involvement and could not be liable under a theory of respondeat superior; and the dismissal of the claims against the judges, the court commissioner, and the assistant district attorneys because they involved judicial or prosecutorial actions, so those defendants were absolutely immune from suit. *See Gabriel Griffin*, 2007 WL 2913892, at *3.

In 2009, A. Griffin and I. Griffin, her sister, filed a civil rights action against the State of Wisconsin, the City of Milwaukee, and many individual defendants, including Guolee, alleging they improperly interfered with A. Griffin's custody of her son. *Griffin v. State of Wisconsin*, No. 08-C-822 (E.D. Wis.) On November 9, 2009, the action was dismissed because the plaintiffs had failed to file an amended complaint within the deadline set by the court. The Court of Appeals upheld the dismissal of that action in *Griffin v. Milwaukee County*, No. 09-3920, 369 Fed. Appx. 741 (7th Cir. Apr. 1, 2010), *pet. for cert. filed, (*June 29, 2010) (No. 10-6681). As noted by the court of appeals, the action was dismissed because the district court characterized the complaint "as rambling and confusing with 'a whole mess of unconnected legal conclusions sprinkled with occasional facts.'" *Id*. at 742.

The dismissal of a complaint at initial screening for failure to state a claim is a dismissal on the merits that precludes filing of a second suit on the same facts. *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). *See also, Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004) (holding dismissal for failure to state a claim is a judgment on the merits). The prior dismissal of the 2006 action against the State and its privies and the Milwaukee County Circuit Court precludes any claims that were raised or any related claims that could have been raised in that matter by G. Griffin, P. Griffin, A. Griffin, and I. Griffin against those defendants. The dismissal of the claims asserted by A. Griffin and I. Griffin in the 2009 action relating to A. Griffin's son precludes them from pressing any claims that were raised or any related claims that could have been raised against the State and its privies, or Guolee. All those claims are dismissed with prejudice.

Now, G. Griffin, P. Griffin, A. Griffin, and I. Griffin, joined by additional Plaintiffs, have filed a 31-page Complaint invoking RICO and various federal statutes. In a nutshell, the Plaintiffs allege that the Defendants, acting under color of state law, have engaged in a pattern of conduct consisting of racially-motivated misconduct, use of excessive force, negligence, warrantless arrests, arrests under unconstitutional statutes and ordinances, failure to investigate, arbitrary use of force, outrageous conduct, denial of medical attention, illegal searches and seizures, strip search and body cavity examinations, assault, battery, negligent infliction of emotional distress, defamation, verbal abuse and harassment, conspiracies to violate civil rights, substantive due process violations, intimidation, failure to supervise and failure to train subordinates, inadequate hiring and training procedures, and

mail, phone and wire fraud. In addition, the Plaintiffs allege that the Defendants failed to halt such conduct, denied them access to the courts, and failed to provide redress to the Plaintiffs or others. They also allege that the Defendant judges usurped their authority and committed fraud, and that the Milwaukee County District Attorney's Office engaged in retaliatory prosecutions. (Compl. 7-8.)

In addition to the general allegations, the Complaint includes a separate paragraph regarding each Plaintiff. A. Griffin alleges that she was tortured in the Milwaukee County Jail, she has been subjected to fabricated criminal charges, false documents to further a criminal enterprise, and she was threatened with "forceful medication" in retaliation against her as a witness and a victim. (*Id*. at 10.) She further alleges that she was subjected to medical experimentation, sexual assault and serious inhumane treatment while in isolation. In addition, she alleges that the Milwaukee County Jail and the Winnebago Mental Health Institute currently are being used to facilitate torture, cruel and unusual punishment, and false imprisonment against her and that the Milwaukee County District Attorney's Office subjected her to fabricated criminal charges based upon false documents. She also alleges that her infant son was tortured and that since 2006 the defendants have withheld him from her to further their conspiracy. (*Id*. at 10-11.)

Johnson alleges from 2007 to the date of the Complaint he has been subjected to torture in the Milwaukee County Jail. He also alleges that the Milwaukee County District Attorney's Office has used, and is using fabricated documents to further a criminal enterprise. (*Id*. at 11.)

Robinson alleges between August and September 2009, he was subjected to torture, cruel and unusual punishment by John or Jane Does, and subjected to severe physical abuse in the Milwaukee County Jail, including being burned with a cigarette. He also alleges that fabricated documents were used against him to further a criminal enterprise. (*Id.*)

P. Griffin alleges that between 1986 and the date of the Complaint he was subjected to extortion of property by numerous defendants, false imprisonment, fabricated documents, and cruel and unusual punishment by numerous defendants to further a criminal enterprise. (*Id*. at 12.)

Grady alleges that between 2006 and the date of the Complaint, he was subjected to torture and cruel and unusual punishment by numerous defendants, and that his minor son was unlawfully removed from his presence to further an illegal enterprise. (*Id*.)

I. Griffin alleges that, between 2007 and the date of the Complaint, she was subjected to cruel and inhumane acts, and extortion of property. She also alleges that the Defendants used fabricated documents to further an illegal enterprise against her. (*Id*. at 12-13.)

G. Griffin alleges that, since 2001 and the date of the Complaint, he was subjected to serious cruel and unusual punishment, and torture in the Milwaukee County Jail that resulted in permanent jaw dislocation and a permanent plate in his hand. He also alleges that the Defendants used fabricated documents to further an illegal enterprise against him. (*Id*. at 13.)

The Complaint contains separate paragraphs with respect to the City, the Milwaukee County Circuit Court, the City of Milwaukee Municipal Court, Milwaukee County District Attorney's Office, Wisconsin Forensic Unit, and the Winnebago Mental Health Complex, respectively. (*Id.* at 13-16.) The paragraphs are similar in that they allege that each defendant "invested and knowingly assisted" in violations against the Plaintiffs, the defendant is an entity corporation involved in interstate commerce and continues to be maintained by the same "governance structure" by an "operating agreement," with the Defendants with no determinable completion date, and the pattern of racketeering continues "open ended" to the date of the filing of the Complaint. Each of these entities are alleged to have engaged in racketeering, theft, mail and wire fraud.[8] The Complaint includes similar allegations against the individual defendants, although with the sole exception of Clarke, the allegations are not set forth in separate paragraphs as to each defendant. (*Id.* at 16-19.)

A district court may screen a complaint prior to service on the defendants and the Court must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. *Rowe*, 196 F.3d at 783; 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In determining whether the complaint states a cause of action, all of the factual allegations contained in the complaint are accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, a complaint that offers "labels and conclusions" or a "formulaic recitation

---

[8]/The Complaint also refers to "phone fraud." However, fraud by use of the telephone "wires" is included in the offense of wire fraud. *See United States v. Hausmann*, 345 F.3d 952, 957 (7th Cir. 2003).

of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, __ U.S. ___ , 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The focus of the Complaint is 18 U.S.C. § 1962(c) of RICO, which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." A claim under section 1962(c) requires a plaintiff to demonstrate (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994). The RICO statute defines an "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

The Complaint alleges in similar form as to each Defendant that the defendant is or has "acted as" "an entity corporation 18 U.S.C. § 1961 (3) (4)" involved in interstate commerce. (*See* Compl. 14-19.) Section 1962(c) demands much more: the creation of an

"enterprise" – a group with a common purpose and course of conduct – and the actual commission of a pattern of predicate offenses. *Boyle v. United States*, __U.S.__ , 129 S.Ct. 2237, 2247 (2009).

The Complaint does not allege the creation of an enterprise. The Complaint alleges that each entity was an enterprise. In addition, the RICO "enterprise" must be separate and distinct from the RICO "person" ( i.e., the defendant). *Haroco, Inc. v. Am. Nat'l Bank and Trust Co. of Chi.*, 747 F.2d 384, 401-02 (7th Cir. 1984). The Plaintiffs have not distinguished between the Defendants and the enterprise.

Even if an "association-in-fact" type of enterprise, is involved, there must be some showing of an ascertainable "structure" beyond that inherent in the pattern of racketeering activity in which it engages. *Boyle*, 129 S.Ct. at 2244-45. An association-in-fact enterprise must have "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.* at 2244. However, RICO enterprises are not limited to "business-like entities" and that they need not have a hierarchical structure or a "chain of command." *Id.* at 2246; *cf. Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 804 (7th Cir. 2008).

A section 1962(c) claim also requires that there be a "pattern" of racketeering activity, which is an element distinct from the enterprise requirement. *Boyle*, 129 S.Ct. at 2245. The compensable harm in a cause of action under section 1962(c) "necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the

violation is the commission of those acts in connection with the conduct of an enterprise." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985)). Racketeering activity is defined in 18 U.S.C. § 1961(1), which in this case means "any act or threat involving . . . extortion . . . which is chargeable under State law and punishable by imprisonment for more than one year; or any act which is indictable under the following provisions of title 18, United States Code . . . section 1503 (relating to obstruction of justice), section 1513 (relating to retaliating against a witness or victim), section 1341(relating to mail fraud); section 1343 (relating to wire fraud)." 18 U.S.C. § 1961(1).

A "pattern of racketeering activity" requires at least two predicate acts within a ten-year period. 18 U.S.C. § 1961(5). Establishing a pattern also requires a showing that "the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

The Complaint states that P. Griffin was subjected to extortion of property by numerous defendants between 1986 and the present. Extortion is an offense under § 943.30(1) of the Wisconsin Statutes.[9] However, no allegations are included in the Complaint that could provide a basis for any defendant being chargeable with such an offense, or that indicate that an offense occurred within the past ten years.

---

[9]Section 943.30(1) of the Wisconsin Statutes states:

Whoever, either verbally or by any written or printed communication, maliciously threatens to accuse or accuses another of any crime or offense, or threatens or commits any injury to the person, property, business, profession, calling or trade, or the profits and income of any business, profession, calling or trade of another, with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do any act against the person's will or omit to do any lawful act, is guilty of a Class H felony.

The Complaint also refers to 18 U.S.C. § 1503. However, federal obstruction claims are only applicable to federal proceedings. *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1307 (11th Cir. 2003) (citing *O'Malley v. N.Y. City Transit Auth.*, 896 F.2d 704, 707 (2d Cir. 1990)). The Plaintiffs do not allege that any predicate acts occurred during federal proceedings. Therefore, they have not sufficiently allege a predicate act of obstruction of justice.

The Complaint also refers to 18 U.S.C. § 1513. However, the reach of the witness and victim tampering statute is limited to federal proceedings. *See* 18 U.S.C. § 1515 (a)(1)(A).[10] The Complaint does not allege that any of the predicate acts transpired in conjunction with any federal proceedings. *See Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003).

The Complaint primarily relies on alleged mail and wire fraud as predicate acts. However, it provides no information regarding such activity. Allegations of fraud in a civil RICO claim are subject to the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead all allegations of fraud with particularity. *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). This requires specifying the time, place, and content of the alleged fraudulent communication. *Goren v.*

---

[10]Section 1515(1)(A) of Title 18 of the United States Code provides that "[a]s used in sections 1512 and 1513:"

the term "official proceeding" means --

(A) a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury.

*New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998). The Complaint does not contain any specificity as to the allegations of mail or wire fraud. No times, places, or contents of the allegedly fraudulent communications are alleged. *Slaney*, 244 F.3d at 597. The Complaint fails to sufficiently allege any predicate acts. The Plaintiffs have failed to allege a plausible violation of 1962(c).

With respect to Count X of the Complaint, entitled "Mail, Phone, and Wire Fraud," to the extent that the Plaintiffs rely upon the mail and wire fraud statutes alone as a basis for a private civil action, courts have held that there is no private right of action under those statutes. *See Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (joining the Fifth and Sixth Circuits in finding no private cause of action for mail or wire fraud).

The Complaint also cites 18 U.S.C. § 371. However, Section 371 does not provide a private cause of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

The Complaint also refers to the Clayton Act and the Plaintiffs as being private attorneys general under that Act. However, the Complaint does not refer to any antitrust injury or any arguable antitrust violation, and therefore fails to state a plausible claim. *See Tamburo v. Dworkin*, 601 F.3d 693, 699-700 (7th Cir. 2010).

### Civil Rights Statutes

Count II purports to state a claim under 42 U.S.C. § 1981. Section 1981 prohibits discrimination on the basis of race in entering into contracts. *See Runyon v.*

*McCrary*, 427 U.S. 160, 170 (1976).  The Complaint alleges that the Defendants, in a pattern of racketeering, intentionally engaged in racially motivated abuse of government power by denying the Plaintiffs full and equal benefit of the state criminal laws.  (Compl. 25.)  The Complaint does not allege that any of the Defendants were involved with any contracts  or potential contracts with the Plaintiffs.   Therefore, the Complaint does not state a plausible claim for relief under Section 1981.

The Complaint also cites 42 U.S.C. § 1985.  However, even under notice pleading, a complaint must indicate the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him. *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 516-17 (7th Cir.  2007) (citing *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002)).  The allegations of the Complaint do not include the minimal information required to state a § 1985 claim.

The Complaint also cites 42 U.S.C. § 1983, and the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments.  To the extent that the Plaintiffs intend to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Winnebago Mental Health Complex and the Milwaukee County Circuit Court are arms of the state, see Wis. Stat. § 46.03(1), and Wis. Stat. Ch. 753 (2007-08),  respectively. Consequently any claim under § 1983 must fail because a state is not a "person" that can be

sued under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Kelly v. Mun. Cts. of Marion County, Ind.*, 97 F.3d 902, 907-08 (7th Cir. 1996); *Kaimowitz v. Bd. of Trs. of Univ. of Ill.,* 951 F.2d 765, 767 (7th Cir. 1991).

With respect to the Milwaukee Municipal Court, under Wisconsin law, its municipal courts are part of the unified state court system. *See City of Milwaukee v. Wroten*, 466 N.W.2d 861, 865 (Wis. 1991). Therefore, the Court concludes that the municipal court is an arm of the state and also is not a person for purposes of § 1983. The Plaintiffs' § 1983 claims against the Winnebago Mental Health Complex, the Milwaukee County Circuit Court, and the City of Milwaukee Municipal Court are dismissed with prejudice for failure to state a claim.

With respect to the Milwaukee County District Attorney's office, it is not a suable entity; each Wisconsin county is a "prosecutorial unit" headed by an elected district and staffed by deputy or assistant district attorneys, who are state, and not county, employees. *See* Wis. Stat. §§ 978.01, 978.03, 978.04; *Ameritech Corp. v. McCann*, 403 F.3d 908, 910 (7th Cir. 2005); *Ass'n of State Prosecutors v. Milwaukee County*, 544 N.W.2d 888, 889 (Wis. 1996); *see also* Wis. Stat. § 17.19 (listing "district attorney" as an "elective state office"). Furthermore, oversight of the district attorneys' budgets is entrusted to the Wisconsin Department of Administration, not the individual counties. *See* Wis. Stat. § 978.11. Thus, the "Milwaukee County District Attorney's Office" is merely a division of the state of Wisconsin, and a state is not a "person" that can be sued under § 1983. *See Will,* 491 U.S. at 64; *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694 (7th Cir. 2007).

*Accord Buchanan v. Kenosha,* 57 F.Supp. 2d 675, 679 (E.D. Wis. 1999) (concluding that the Kenosha County District Attorney's office is not a suable entity). Therefore, the Milwaukee County District Attorney's Office is not a proper § 1983 defendant, and Count VIII which is against solely against it is dismissed.

The Plaintiffs' claims against the judges – Donegan, Guolee and Lamelas – and the assistant district attorneys – Heard and White – involve judicial or prosecutorial actions, so those defendants are absolutely immune from suit. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 428-32 (1976); *Pierson v. Ray*, 386 U.S. 547, 554-56 (1967). Thus, this action is dismissed as to Donegan, Guolee, Lamelas, Heard and White. Furthermore, Count VI entitled "fraud on the court by the court," which is solely against the judges is dismissed.

With respect to the City, the Plaintiffs have not alleged that the claimed constitutional violations were pursuant to an official policy, widespread custom, or deliberate act of a decision-maker of the municipality or department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, the Plaintiffs have failed to state a § 1983 claim against the City.

As to Clarke, the Complaint alleges that he knowingly allowed the Milwaukee County Jail to be used as cruel and unusual punishment and has refused to cease and assist in the cruel and unusual treatment that was inflicted on several of these plaintiffs. However, by and large, the Complaint offers broad generalities as to the nature of that cruel and unusual

punishment. Such conclusory allegations are not entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1951.

Moreover, as to all of the Defendants, the Complaint is couched in generalities. It blends conclusory allegations that they engaged in a pattern of racketeering with violations of their constitutional rights and other possible violations. *See* Count I - denial of access to the courts; Count III - cruel and unusual punishment; Count IV - judgment in the absence of subject matter jurisdiction; Count V - fabrication of evidence; Count VII - false arrest and illegal imprisonment; Count IX - abuse of pro se litigants through threat, coercion, or intimation.

The Court recognizes that the Complaint alleges that P. Griffin's jaw was dislocated and he has a plate in his hand as the result of cruel and unusual punishment at the Milwaukee County Jail. However, none of the Defendants are alleged to have caused such injuries and no factual allegations of the circumstances leading to the injuries are alleged. The actions are also alleged to have occurred between 2001 and the present. The Plaintiffs have not plead facts to give the Defendants fair notice of what the claim is and the Complaint does not plead sufficient factual content to allow the Court to draw the reasonable inference that any of the Defendants are liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The Complaint also alleges that Robinson was burned with a cigarette at the Milwaukee County Jail between August and September 2009. (Compl. 11.) However, no Defendant is alleged to have been involved in the incident. Despite or perhaps because of its length and convoluted nature, the Complaint fails to include a "short and plain statement of the claim

showing that the pleader is entitled to relief for any alleged constitutional violation." *Iqbal*, 129 S.Ct. at 1949.

The Plaintiffs' counts in this case are similar in content to the due process claim that the Court of Appeals held failed under *Iqbal*. *See Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). Brooks alleged as follows:

> Plaintiff is informed, believes and alleges that the Defendants while acting in concert with other State of Illinois officials and employees of the Attorney General's Office, Department of Corrections and Prisoner Review Board did knowingly, intentionally and maliciously prosecute Plaintiff and Ronald Matrisciano in retaliation for Plaintiff and the said Ronald Matrisciano exercising rights and privileges under the Constitutions and laws of the United States and State of Illinois.

The court held that the paragraph failed under *Iqbal*, because it is merely a formulaic recitation of the cause of action and nothing more. *Id*. Thus, the court held that the paragraph did not put the defendants on notice of what exactly they might have done to violate Brooks's rights under the Constitution, federal law, or state law. *Id*.

The Complaint in this case is similar to the paragraph addressed in *Brooks*. It includes paragraph after paragraph of conclusory factual allegations which are formulaic recitations of a cause of action. The Complaint does not provide notice of what any of the Defendants has done to violate the Plaintiffs' rights. Therefore, the Complaint is dismissed. The State Defendants' motions to dismiss are granted on the grounds of the *Rooker-Feldman* doctrine; claim preclusion as to the State and its privies, the Milwaukee County Circuit Court, and Guolee; judicial immunity as to Donegan, Guolee and Lamelas; prosecutorial immunity as to Heard and White; and because the Complaint fails to state a claim for relief against any

of the State Defendants.[11]  Clarke's motion to dismiss and the City's motion to dismiss are also

granted.

The question remains what remedy to afford the Plaintiffs. As previously

discussed, this action was preceded by a 2006 action brought by G. Griffin, P. Griffin, A.

Griffin, and I. Griffin, and a 2009 action brought by A. Griffin and I. Griffin.  Based on the

affirmative defense of claim preclusion raised by the State Defendants, the prior dismissal of

the 2006 action against the State and its privies and the Milwaukee County Circuit Court

precludes any claims that were raised or any related claims could have been raised in that

matter by G. Griffin, P. Griffin, A. Griffin, and I. Griffin against those defendants. And, the

most recent dismissal of the claims asserted by A. Griffin and I. Griffin relating to A. Griffin's

son precludes them from pressing any claims that were raised or any related claims that could

have been raised against the State and its privies, or Guolee.  Donegan, Guolee, Lamelas,

Heard, and White are also immune from suit by any of the Plaintiffs.

If the Plaintiffs want to proceed with this action, they must file an amended

complaint that cures the deficiencies identified in this Decision and Order within the stated

time period.  Failure to file an amended complaint within the stated time period will result in

dismissal of this action.

The Plaintiffs are advised that the amended complaint must bear the docket

number assigned to this case and must be labeled "Amended Complaint."  The amended

complaint supersedes the prior complaint and must be complete in itself without reference to

---

[11]At this juncture, the Court declines to address the additional grounds raised by the State Defendants' motions to dismiss.

the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id*. at 1057 (citation omitted).

The Plaintiffs are instructed that they must number the paragraphs of the Complaint and limit each paragraph to a single set of circumstances. Each numbered paragraph must set forth what each Defendant is alleged to have done and to refrain from lengthy legal descriptions and conclusions.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' motion objecting to Rice's brief, appearance and for disqualification of Rice and the Wisconsin Attorney General (Docket No. 10) is **DENIED**;

The Plaintiffs' motion objecting to Andrew's brief, appearance and for disqualification of Andrew as corporation counsel for defendant Clarke (Docket No. 11); is **DENIED**;

The Plaintiffs' motion objecting to Rice's second brief, second appearance; for disqualification of Rice and the Wisconsin Attorney General in this Action (Docket No. 23) is **DENIED**;

The Plaintiff's motion objecting to Langley and Regan's brief and appearance (Docket No. 24) is **DENIED**;

Donegan, Guolee, Lamelas, White, and Heard are **DISMISSED** from this action;

The Plaintiffs' complaint is **DISMISSED** for failure to state a claim for relief.

The Plaintiffs must file an amended complaint, curing the deficiencies in the original complaint, **no later than December 16, 2010**, curing the deficiencies in the original complaint against the remaining Defendants as described herein.

Failure to file an amended complaint by the stated deadline will result in the dismissal of this action.

The motion to dismiss (Docket No. 3) filed by Donegan, Guolee, Heard, Milwaukee County Circuit Court, White, and the Winnebago Mental Health Complex is **GRANTED** to the extent stated;

Clarke's motion to dismiss (Docket No. 6) is **GRANTED**;

The motion to dismiss (Docket No. 13) filed by Donegan, Guolee, Lamelas, Heard, Milwaukee County Circuit Court, Milwaukee County District Attorney's Office, White, and Winnebago Mental Health Complex is **GRANTED** to the extent stated; and

The City of Milwaukee's motion to dismiss (Docket No. 20) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 15th day of November, 2010.

**BY THE COURT**

_s/ Rudolph T. Randa_
**Hon. Rudolph T. Randa**
**U.S. District Judge**