**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

APRIL GRIFFIN,
STEVEN JOHNSON,
PETER GRIFFIN,
KENNETH GRADY,
I. GRIFFIN also known as
ISIS ARIEL MAGDALAH,
HAROLD ROBINSON,
GABRIEL GRIFFIN,
JOHN DOE (Numbers a through z),
and JANE DOE (Numbers a through z),

                **Plaintiffs and**
                **Putative Class Representatives,**

    **v.**                                     **Case No. 10-C-243**

CITY OF MILWAUKEE,
MILWAUKEE COUNTY CIRCUIT COURT,
MILWAUKEE COUNTY DISTRICT ATTORNEY OFFICE,
WISCONSIN FORENSIC UNIT,
WINNEBAGO MENTAL HEALTH COMPLEX,
ATTORNEY AARON WHITE,
ATTORNEY DEANN HEARD,
ATTORNEY TIABYYAH SETHI,
JUDGE THOMAS DONEGAN,
JUDGE MICHAEL GUOLEE,
MILWAUKEE MUNICIPAL COURT,
JUDGE JANE OR JOHN DOES,
SHERIFF DAVID CLARKE, JR.,
SHERIFF DEPUTIES JOHN or JANE DOES,
DR. JOHN PANKIEWICZ,
and/or JANES DOES unknown now
but revealed upon discovery,

                **Defendants.**

---

## DECISION AND ORDER

On November 15, 2010, the Court entered a Decision and Order addressing various pending motions and dismissing the Complaint in this putative class action for declaratory judgment, injunctive relief, and monetary relief, including treble damages, filed by the pro se Plaintiffs, April Griffin ("A. Griffin"), Steven Johnson ("Johnson"), Peter Griffin ("P. Griffin"), Kenneth Grady ("Grady"), I. Griffin also known as Isis Ariel Magdalah ("I. Griffin"), Harold Robinson ("Robinson"), and Gabriel Griffin ("G. Griffin") (collectively the "Plaintiffs") against the 13 named Defendants and unknown judges, sheriffs deputies, and other persons. The Court set a December 16, 2010, deadline by which the Plaintiffs could file an amended complaint.

The Plaintiffs did not file an amended complaint. However they filed an objection to the single judge ruling and order, a request to vacate that order or to disqualify the Court, and for notice pursuant to the Federal Crimes Reporting Act, 18 U.S.C. § 4.[1]

The Plaintiffs' objection to the single judge ruling relates to their request for

---

[1]Section 4 of Title 18 of the United States Code states:

Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

a three-judge panel in their Complaint. Title 28 of the United States Code § 2284(a) states: "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." The Plaintiffs action does not challenge any reapportionment and they have not established that an Act of Congress requires that a three-judge panel be convened to hear their case.

The Plaintiffs asserts that the judgment is void and, therefore, seek relief under Rule 60(b)(4). They also assert that this Court should be disqualified because it is not impartial.

Among their contentions, the Plaintiffs state that the Court's Decision and Order does not correctly identify the parties and does not comport with proper notice requirements and that "[n]or can the district judge make a unilateral decision to convert the action into a § 1983 action for screening purposes, . . . the judge took extra effort to refer to the action as a 1983 action although 42 U.S.C. § 1983 is found nowhere in the complaint." (Pls.' Objection and Request, 5.)[2] They also state the Court showed a harboring of personal animosity when he picked out certain class members to prejudge the entire class on. The Plaintiffs state that disqualification is mandatory for conduct that calls a judge's impartiality into question. (*Id*.) The Plaintiffs state that the Court has engaged in conduct prejudicial to the effective and

_____

[2]Contrary to the Plaintiffs' statement, 42 U.S.C. § 1983 is cited on pages six and 20 of the Complaint. The Court also wrote "the focus of the Complaint is 18 U.S.C. § 1962(c) of RICO" and five pages of the November 15, 2010, Decision and Order analyze whether the Plaintiffs' claims state a RICO cause of action. (Court's November 15, 2010, Decision and Order, 13-17.)

expeditious administration of the business of the courts and/or "is unable to engage in the

discharge of all duties of office by reason of mental disability" citing the Judicial Conduct and

Disability Act of 1980. (*Id*. at 8.) The Plaintiffs also that the Court circumvented Canons 1,

2 and 3 the Codes of Conduct for United States Judges.

Sections 144 and 455 of Title 28 of the United States Code provide for the

recusal of judges. Section 144 requires that, upon submission of a "timely and sufficient

affidavit that the judge before whom the matter is pending has a personal bias or prejudice

either against the movant or in favor of any adverse party, such judge shall proceed no further

therein, but another judge shall be assigned to hear such proceeding." *United States v. Barnes*,

909 F.2d 1059, 1071 (7th Cir. 1990). Section 144 motions are timely if they are filed "at the

earliest moment after the movant acquires knowledge of the facts demonstrating the basis for

such disqualification." *Id.* (quoting *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir.

1976)). The affidavit must "be accompanied by a certificate of counsel of record stating that

it is made in good faith." *Id*. at 1072 (citing 28 U.S.C. § 144). The Plaintiffs have not

complied with the procedural or substantive requirements of § 144. *Id*. at 1072. Moreover,

even if the substance of the motion is considered as the affidavit required under § 144,

allegations of bias based on past or present cases in which the judge and the moving party have

been involved are not proper grounds for recusal. *See id.* Unless the facts presented allege

personal as opposed to judicial bias recusal is not required. *Id*.

To determine whether a judge must disqualify himself under 28 U.S.C. § 455(a), because his impartiality might be reasonably questioned, the question is whether a reasonable, well-informed observer would perceive a problem. *In re Specht*, 622 F.3d 697, 700 (7th Cir. 2010). Under § 455(b)(1), a federal judge must disqualify himself from a proceeding, "[w]here he has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(b)(1). In determining whether a judge must disqualify himself under 28 U.S.C. § 455(b)(1), "the question is whether a reasonable person would be convinced the judge was biased." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). "The bias against the litigant must arise from an extrajudicial source." *Id*. Judicial rulings rarely present a valid basis to question a judge's impartiality. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).

The many contentions and arguments for recusal raised by the Plaintiffs establish that they are extremely dissatisfied with the Court's rulings in this action. However, the Court's actions in this litigation do not establish that the Court should recuse itself under under § 144, § 455(a), or § 445(b)(1). Therefore, the Court declines to recuse itself.

With respect to the Plaintiffs request that the Court vacate its judgment, relief under Rule 60(b) is an extraordinary remedy that is not designed to address legal errors made by a district court; it is not a substitute for an appeal. *See, e.g., Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017-18 (7th Cir. 2002). The Court

5

may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule." *See Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Rule 60(b)(4) is intended for cases where the district court issuing the underlying judgment lacked jurisdiction or acted in a manner inconsistent with due process. *Marques*, 286 F.3d at 1018 (reversing denial of Rule 60(b)(4) motion and directing that action be dismissed without prejudice in case where judge had granted summary judgment in favor of the defendant where the plaintiff had moved to voluntarily dismiss action); *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 448 (7th Cir. 2000) (holding that default judgment should have been vacated because the court never obtained personal jurisdiction over the defendant). The Plaintiffs raise numerous contentions that in support of their contention that the judgment is void, including that the Court lacked subject matter jurisdiction. Despite careful consideration of the Plaintiffs' arguments, the Court is not persuaded that its determinations are void as required to establish a basis for relief under Rule 60(b)(4).

Therefore, the Plaintiffs' objection to the single judge ruling and order, their request to vacate that order and to disqualify the Court, and their request for notice pursuant to the Federal Crimes Reporting Act, 18 U.S.C. § 4, is denied. Moreover, Plaintiffs have not filed an amended Complaint by the December 16, 2010, deadline. Therefore, as they were previously warned, the action is dismissed for failure to state a claim.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' objection to the single judge ruling and order, their request to vacate that order and to disqualify this Court, and their request for notice pursuant to the Federal Crimes Reporting Act, 18 U.S.C. § 4 (Docket No. 28) is **DENIED**.

This action is dismissed for failure to state a claim; and

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st  day of January, 2011.

**BY THE COURT**


*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**